1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BROOKS BRIDGES and ANITA              No.  2:18-cv-2978-MCE-EFB
     STENGEL,
12
                    Plaintiffs,
13                                          ORDER
            v.
14
     COUNTY OF SACRAMENTO, DAWN
15   WALKER, JENNIFER LAMB,
     SACRAMENTO SHERIFF'S
16   DEPARTMENT OFFICER MA, and
     DOES 1 through 50, inclusive,
17
                    Defendants.
18

19

20          Defendants filed a motion to compel plaintiffs to provide responses to interrogatories and

21   requests for production of documents, which they noticed for hearing on February 5, 2020.  ECF

22   No. 10.  Plaintiffs have filed nothing in response to the motion.  For the reasons explained below,

23   the February 5 hearing is vacated and defendants' motion to compel is granted.

24          On October 11, 2019, defendants served plaintiffs by mail with interrogatories and

25   requests for production of documents.  Decl. of Nicholas McCinney ISO Mot. to Compel

26   ("McCinney Decl."), Exs. A-D.  According to that declaration, plaintiffs' responses to the

27   requests were due by November 15, 2019.  Fed. R. Civ. P. 33(b)(2), 34(b)(2), 6(d).  Plaintiffs,

28   however, failed to serve responses to defendants' discovery requests.  Defendants' counsel

                                                     1

subsequently reached out to plaintiffs' counsel on multiple occasions to request responses to the outstanding discovery requests, but his efforts proved unsuccessful.  McCinney Decl. ¶¶ 3-6, Ex. E.

Accordingly, defendants now move to compel plaintiffs to provide responses.  In violation of the court's local rules, plaintiffs failed to timely file an opposition to the motion.  E.D. Cal. L.R. 251(e) (excusing the requirement for filing a joint statement when there has been a complete failure to respond to a discovery request, and requiring the responding party to file an opposition not later than seven days before the hearing date).  Since plaintiffs have failed to provide any basis for their failure to provide responses, defendants' motion to compel is granted and plaintiffs are ordered to provide responses without objection.  *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (the party resisting discovery has the "heavy burden of showing why discovery was denied."); *Hansford v. Solano Cnty. Dept. Health and Human Services*, 2011 WL 3208151, at *2 (E.D. Cal. July 28, 2011) ("[I]t is well-settled that a failure to respond to discovery requests waives objections, including those based on privilege.") (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Defendants also request plaintiffs be ordered to pay them $800 for the reasonable expenses they incurred in bringing their motion to compel.  ECF No. 10-1 at 4; *see* Fed. R. Civ. P. 37(a)(5) (courts must "require the party . . . whose conduct necessitated the [discovery] motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").  The court finds that the four hours counsel spent drafting the motion and his hourly rate of $200 are reasonable.  Accordingly, plaintiffs are also ordered to pay defendants $800.

Accordingly, it is hereby ORDERED that:

1.  The February 5, 2020 hearing is vacated;

2.  Defendants' motion to compel plaintiffs to provide responses to interrogatories and request for production of documents (ECF No. 10) is granted;

3.  Within 10 days from the date of service of this order, plaintiffs shall serve their responses to defendants' Interrogatories, Set One and Requests for Production of Documents, Set One; and

4.  Within 10 days of this order, plaintiffs shall reimburse defendants for the reasonable expenses they incurred in the amount of $800.

DATED:  February 4, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE