**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Nicholas W. McKinney, SBN 322792
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF SACRAMENTO,
DAWN WALKER, JENNIFER LAMB, SACRAMENTO SHERIFF'S
DEPARTMENT OFFICER MA

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOKS BRIDGES and ANITA STENGEL,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, DAWN WALKER, JENNIFER LAMB, SACRAMENTO SHERIFF'S DEPARTMENT OFFICER MA, and DOES 1 through 50, inclusive,<br><br>Defendants.<br>_____/ | CASE NO. 2:18-cv-02978 MCE EFB<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>Superior Court of Sacramento County – Juvenile Dependency Division<br>Case Nos: 237737 and 237738<br><br>Complaint Filed: 11/14/2018 |

**IT IS HEREBY ORDERED:**

1. Subject to and without waiving any objections to the admissibility or discoverability of any information or documents produced in connection with this Order, the Court orders that access to and use of such documents and information shall be governed by the provisions of this Protective Order pursuant to Welfare and Institutions Code § 827. This Protective Order shall apply to all copies, extracts, and summaries of designated documents.

2. Plaintiffs BROOKS BRIDGES and ANITA STENGEL (collectively, "Plaintiffs"), the parents of K.B. and A.B., have filed suit against Defendants *COUNTY OF SACRAMENTO,* DAWN WALKER, and JENNIFER LAMB (collectively, "Defendants"), in the matter of *Bridges*

{02133792.DOCX}  1

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

*et al. v. County of Sacramento, et al.*, Case No. 2:18-cv-02978 MCE EFB, in the United States District Court, Eastern Division.

3. Plaintiffs and Defendants in good faith believe that the following documents contain information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and, (c) not normally revealed to the public or third parties pursuant to Welfare and Institutions Code § 827.

## I.

## DESIGNATION OF CONFIDENTIAL DOCUMENTS

4. In connection with discovery proceedings in the above-referenced matter, a Welfare and Institutions Code § 827 Petition for Request for Disclosure of the Juvenile Case File of K.B. and A.B., was filed by counsel for Defendants in the Superior Court of Sacramento County – Juvenile Division. The Court, upon review of the Petition, the parties stipulation to a protective order in the underlying dependency actions and good cause shown, ordered the Juvenile Case File be disclosed to the parties and/or their counsel of record in the matter of *In Re: Kira Kamplain Bridges*, Case No. 237737 and *In Re: Adrianna Kamplain Bridges*, Case No. 237738, subject to entry of this Protective Order. The documents described herein shall be designated as " Confidential/Subject to Protective Order, Eastern District of California, Case No. 2:18-cv-02978 MCE EFB." The scope of this Protective Order is limited to the Sacramento County Child Protective Services Juvenile Case File of the minor child as defined in California Rule of Court 5.552(a).

## II.

## RESTRICTIONS OF CONFIDENTIAL DOCUMENTS

5. The disclosed documents shall be used solely in connection with the civil case of *Bridges et al. v. County of Sacramento, et al.*, Case No. 2:18-cv-02978 MCE EFB, and in the preparation and trial of the case, or any related proceeding. The parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

///

6. A party producing the documents and materials described herein shall designate those materials as confidential by affixing a watermark labeling them " Confidential/Subject to Protective Order, Eastern District of California, Case No. 2:18-cv-02978 MCE EFB." If any confidential materials cannot be labeled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn marked in the same manner.

7. Pursuant to the grant of an Order from the Sacramento County Superior Court - Juvenile Division, pursuant to California Rules of Court, Rule 5.552(b)(3), the Documents or materials designated under this Protective Order as " Confidential/Subject to Protective Order, Eastern District of California, Case No. 2:18-cv-02978 MCE EFB." may only be disclosed to the following persons:

    (a) Parties to the case, their counsel of record, investigators, adjustors, experts, court reporters, and insurance carriers;

    (b) Paralegal, clerical and secretarial personnel regularly employed by counsel referred to in subpart (a) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

    (c) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

    (d) Any expert, consultant or investigator retained in connection with this action;

    (e) The finder of fact at the time of trial, subject to the court's ruling on *in limine* motions and objections of counsel;

    (f) Witnesses during their depositions in this action; and

    (g) Current or former employees of a party assisting counsel in the litigation who have a reasonable need to know the contents of the confidential documents.

## III.

## **GENERAL**

8. Other than the parties' attorneys and any paralegal, clerical and secretarial personnel regularly employed by them, any person to whom Confidential documents or their information are to be disclosed shall be provided and required to read a copy of this Protective Order before

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

disclosure of such information to that person.  Upon reading this Protective Order, such person shall acknowledge in writing as follows:

> I have read the Protective Order that applies in *Bridges et al. v. County of Sacramento, et al.*, Case No. 2:18-cv-02978 MCE EFB and shall abide by its terms. I consent to be subject to the jurisdiction of the Sacramento County Superior Court, including without limitation in any proceeding for contempt.

Such person also must consent to be subject to the jurisdiction of the Sacramento County Superior Court, including without limitation any proceeding for contempt. Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court.

9. As to all documents or materials designated as Confidential pursuant to this Protective Order, the parties agree that they will seek permission from the Court to file the confidential information under seal pursuant to Federal Rules of Civil Procedure 5.2 and 26 as well as Eastern District of California Local Rule 141. If permission is granted, the confidential material will be filed and served in accordance with Federal Rules of Civil Procedure 5.2 and 26 as well as Eastern District of California Local Rule 141.

10. A party may apply to the Court for an order that information or materials labeled Confidential are not, in fact, confidential.  Prior to applying to the Court for such an order, the party seeking to reclassify confidential information shall meet and confer with the other party and notice all individuals to whom the documents pertain. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Protective Order.

11. Confidential documents disclosed at a deposition shall be designated as Confidential by so indicating on the record at the deposition.  Copies of Confidential documents attached to deposition exhibits shall maintain their confidential status as set forth in this Protective Order and be sealed. If any document or information designated as confidential pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation.  The Court reporter for

1 the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

12. Notwithstanding the provisions of Paragraph 3, confidential information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media.

13. Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform all parties of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

14. After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced containing confidential information will remain confidential, and if filed with the Court shall remain under seal, unless otherwise ordered by the court. All documents and materials produced pursuant to this Protective Order shall be destroyed at the conclusion of this litigation. Attorneys may retain copies of confidential information pursuant to their document retention policies, all documents retained shall remain marked confidential and shall be destroyed at the end of the retention period. All parties agree to ensure that all persons to whom confidential documents or materials were disclosed shall be destroyed. "Conclusion" of this litigation means a final termination of the case following a trial or settlement and resolution of any appeal.

15. This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify

{02133792.DOCX} 5

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

or dissolve this Protective Order by Court order for good cause shown or by the stipulation of the parties.

16. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown; and, (b) to adjudicate any dispute respecting the improper use or disclosure of confidential material.

Dated: January 16, 2020

By */s/Joseph B. Weinberger (authorized 01/16/2020)*
Joseph B. Weinberger
Attorney for Plaintiffs

Dated: January 16, 2020         PORTER SCOTT
                                A PROFESSIONAL CORPORATION

By  */s/Nicholas W. McKinney*
Carl L. Fessenden
Nicholas W. McKinney
Attorneys for Defendants
COUNTY OF SACRAMENTO, DAWN WALKER, JENNIFER LAMB, SACRAMENTO SHERIFF'S DEPARTMENT OFFICER MA

**IT IS SO ORDERED.**

Dated: March 2, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE